Mr. Justice Trotter
delivered the opinion of the court.
The defendants in error brought a suit in the court below, on a promissory note against. J. S. & D. Sandes, and filed an affidavit according to the provisions of the act of 1824, to hold the defendants to bail, and bail was accordingly required for the sum sworn to. The Messrs. Sandes entered into a bail bond with the plaintiff in error, Henry W. Brown, as surety. Judgment was rendered against J. Sandes, at the April term; 1838, of the court below, on which an execution of fieri facias was issued, and returned nulla bona. A ca. sa. was then issued, which was returned non est. A scire facias was then sued out against the plaintiff in error, as special bail, which was duly served. Brown filed several pleas in bar of the action against him, and, amongst others, the following in substance, that after the rendition of the judgment against his principal, and before the return of the ca. sa., he could not, by the laws of the land¿ *723 apprehend and surrender the said Sandes in custody or execution, as by the condition of his bond he is required to do. Issue was taken on this and the other pleas, which embrace the same defence, and a verdict was found for the plaintiffs. Several exceptions were taken at the trial, which raised the question whether the defence presented by the pleas is valid, and that is the question for the consideration of this court.
The act of 1839 provides, that “no person shall be arrested or imprisoned on any mesne or final suit or process issuing out of any court of law or equity .in this state, in any suit, action or proceeding instituted for the recovery of any debt on any contract, promise or agreement, or for the recovery of damages in any action of trespass, or on any judgment or decree founded on any such contract, promise or agreement, or damages, for the non-performance thereof, or on any judgment in any action of trespass, or for consequential damages, except in cases hereinafter specified.” The exceptions, which are various, are then enumerated, but as the present case does not fall within any one of them, it is unnecessary to mention them. The act of 1822, (How. & Hutch. Dig. 579, sec. 13,) provides, that the bail shall have the liberty at any time before the return of the first scire facias against him, returned, scire feci, or of the second returned nihil, or at any time before final judgment obtained against him, to surrender the principal, &c. This right to surrender his principal by the bail, in discharge of himself, has been taken away from the plaintiff in error, as it is insisted by the act of 1839, first cited, and hence he maintains that he is entitled to an exoneretur. It is a general principle, that when the condition of a bond is to do a thing which has been rendered impossible or illegal, the obligor is discharged. This is consonant to reason and justice. The condition of the bond, in the case of bail, is, that the bail shall render his body to prison in execution for the debt if the principal do not appear, &c. But if this undertaking is rendered impossible by the act of God, or is forbidden by the act of the law, it is clear that in neither case can he be held bound. Thus if the principal die, or if he should be imprisoned, so as to take him out of the *724 power of his bail, the latter is of course entitled to his discharge. Soflin v. Fowler, 18 Johns. R. 335. So if the principal has obtained a certificate of discharge as a bankrupt. Mannin v. Patridge, 14 East, 599. There is no difference in the principle of these cases from that of the one at bar. The act of 1839 rendered it unlawful for the plaintiff in the execution to arrest the defendant, and thus, as a matter of course, placed the bail on the same footing. The effect, then, of the act of the legislature was to place his principal beyond the control or power of his bail in this case. It is true that the principal never was discharged, but it is equally evident that if he had been arrested, he might have claimed an immediate discharge. It would therefore be absurd to require so useless an act. In law the principal is discharged. The case of Beers and others v. Haughton, 1 McLean’s C. C. Rep. 226, is directly in point to the case before the court, and is of the very highest authority, as it has since become the decision of the supreme court of the United States, 9 Peters, 329. In that case .an action of debt was brought upon the recognizance of bail, and the defendant, amongst other pleas, set up the discharge of the principal debtor-under the insolvent laws of Ohio. The law of that state, under which the question arose, was in substance the same as the act of 1839 of this state. The principal debtors in that case were not discharged until after there had been a judgment and the return of a ca. sa. non esi. And it was urged, in answer to the defence, that, as the plaintiff’s rights were fixed, no mode of discharge, subsequent to that could affect the creditor. But the court say, if the defendants to the original judgment were not liable to be imprisoned on such judgment, it would be worse than solemn mockery to require them to be surrendered. Why require the surrender when they cannot be held in confinement J The law can never require so absurd an act. This is deemed a full answer to the argument on similar grounds in the present ease; and, besides, our statute expressly gives the bail the right to surrender his principal in his discharge, at any time before final judgment. But it is insisted further, that the rights of the plaintiffs became vested under the law as it stood at the *725 time of the execution of the bail bond in this case, and could not therefore be impaired by a subsequent law. This question is made and settled in the case of Beers v. Haughton, already noticed. It is there observed, that the mere imprisonment of a debtor, as a means of enforcing payment, belongs to the remedy and does not reach the contract. And the supreme court of the United States have several times decided that a state insolvent law, which exonerates the debtor from imprisonment, does not impair the obligation of the contract. The case of Beers v. Haughton, decides this question. 9 Pet. S. C. Rep. 329; also, Mason v. Haile, 12 Wheat. R. The case of Gray, et al. v. Munroe, et al., 1 McLean’s C. C. Rep. 528, is also a direct authority for the view here taken.
The judgment must be reversed, arid a venire de novo awarded.